# In the United States Court of Federal Claims

No. 18-1712C
(Filed: January 29, 2019)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JENNIFER GUSKIN,

    *Plaintiff,*

v.

THE UNITED STATES,

    *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

On October 29, 2018, plaintiff filed her complaint, which asks the court for an order requiring various state and local agencies in Baltimore, Maryland to return plaintiff's daughter to her and for an award of damages for the financial harm as well as pain and suffering caused by the removal of her daughter from her custody. Plaintiff also filed a motion, by leave of court, seeking similar relief on December 4, 2018, along with a request for various other relief including the release of medical records of her daughter and sanctions against doctors and social workers involved in the custody dispute concerning her daughter.

On December 21, 2018, defendant filed a motion to dismiss for lack of jurisdiction. Plaintiff responded to that motion on January 7, 2019. Prior to filing a reply brief, defendant moved to stay the case in light of the lapse of appropriations.[1] The case was transferred to the undersigned on

---

[1] Plaintiff also attempted to file two more documents on January 15, 2019. The first is another request for an emergency order, which was not docketed because there is no provision for its filing in this court's rules. The second was a preemptive opposition to defendant's motion to stay, which was not filed by defendant until two days later. Both of these documents are to be returned to plaintiff unfiled.

January 22, 2019.

The motion for a stay is now moot and is thus denied. We need not now wait for a reply in support of its motion to dismiss from the government, however, as it is clear that the complaint must be dismissed because it does not allege any cause of action over which this court has jurisdiction.

This court has jurisdiction over claims for money against the United States founded upon a provision of the Constitution, statute, regulation, or based on a contract with the federal government. 28 U.S.C. § 1491 (2012). What this means it that, in order for this court to have jurisdiction, the complaint must allege that some source of federal law or a contract with the United States mandates that plaintiff presently be paid a sum of money.

As pointed out by defendant, the complaint filed by Ms. Gaskin neither alleges a claim against the United States nor does it identify a money-mandating provision of law or contract. Plaintiff's citation to her a privacy and due process rights afforded by the Fourth, Fifth, and Fourteenth Amendments are unavailing because none of those provisions mandate the payment of money for their violation, and, in any event, even if they did, the allegations of the complaint do not implicate the United States. All of the matters alleged in the complaint are squarely within the provenance of the Maryland state courts.

Because the complaint does not allege a claim over which this court has jurisdiction, it must be dismissed. Accordingly, the following is ordered:

1. Plaintiff's December 4, 2018 motion for an emergency injunction is denied.

2. The clerk's office is directed to return the two documents received on January 15, 2019 to plaintiff unfiled.

3. Defendant's motion to stay the case is denied as moot.

4. Defendant's motion to dismiss is granted.

5. The Clerk of Court is directed to dismiss the complaint without prejudice and to enter judgment accordingly. No Costs.

ERIC G. BRUGGINK
Senior Judge